UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEISHA MULFORT,**

    **Plaintiff,**

v.                                 **CASE NO.:**

**STATE OF FLORIDA –
OFFICE OF THE STATE
ATTORNEY FOR THE
NINTH JUDICIAL CIRCUIT,
and ANDREW A. BAIN,
in his official capacity
as State Attorney,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Keisha Mulfort, by and through undersigned counsel, brings this action against Defendants, State of Florida – Office of the State Attorney for the Ninth Judicial Circuit ("State Attorney's Office") and Andrew A. Bain ("Bain"), in his official capacity as State Attorney, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq. and supplemental jurisdiction of Plaintiff's state laws claims under 28 U.S.C. § 1367(a) because they are so related to the FMLA claims that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida, which lies within the Middle District.

**PARTIES**

4. Plaintiff is a resident of Orange County, Florida, and she worked in Orange County for Defendants.

5. Defendant State Attorney's Office for the Ninth Judicial Circuit serves Orange and Osceola Counties in Florida.

6. Defendant Bain is the State Attorney for the Ninth Judicial Circuit.

**GENERAL ALLEGATIONS**

7. This is an action to recover damages suffered by Plaintiff while she was employed by Defendants, for violations of the FMLA and FCRA.

8. At the time of these events, Plaintiff was an employee of Defendants, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

9. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10. Defendant State Attorney's Office was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11. Defendant Bain was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

12. At the time of these events, the State Attorney's Office employed fifteen or more employees and, therefore, was an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

13. At the time of these events, Plaintiff was a pregnant female who took maternity leave; as a result, she was a member of a protected class and benefited from the protections of the FCRA.

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

## FACTS

17. Plaintiff began working for the State Attorney's Office on or around January 4, 2021, as the Chief of Staff and Director of Public Affairs (Public Information Officer) for State Attorney Monique Worrell.

18. Plaintiff performed her job in a satisfactory manner.

19. In or around October 2022, Plaintiff learned that she was pregnant and notified the State Attorney's Office of her pregnancy.

20. Bain was also aware of Plaintiff's pregnancy, attended her baby shower, and had discussions with her about her upcoming maternity leave. At this time, Bain was serving as a judge for Orange County.

21. On or around April 10, 2023, Plaintiff submitted proper medical documentation to the State Attorney's Office in support of her FMLA leave request for the birth and care of her daughter.

22. On May 30, 2023, Plaintiff gave birth and began her job-protected leave, which was originally scheduled to end around August 24, 2023.

23. In early August 2023, Plaintiff requested additional leave following her post-partum depression diagnosis, a serious health condition within the meaning of the FMLA and a handicap within the meaning of the FCRA.

24. Plaintiff was able to perform the essential functions of her role with a reasonable accommodation.

25. On August 4, 2023, the State Attorney's Office provided Plaintiff with a medical certification form for her health care provider to complete.

26. Meanwhile, on August 9, 2023, Governor Ron DeSantis suspended State Attorney Monique Worrell and appointed Bain to serve as the State Attorney for the Ninth Judicial Circuit for the duration of Worrell's suspension.

27. That same day—while Plaintiff was still on leave under the FMLA—she received a call from Chief Assistant Ryan Williams, from HR Director Tamra Crane's personal cellphone, asking Plaintiff to provide Public Information Officer

Jason Gunn with access to the Facebook page for the State Attorney's Office, despite Gunn already having access.

28. During Plaintiff's call with Williams, she repeatedly questioned whether he was asking her to do work-related activities while she was on FMLA.

29. On August 9, 2023, Kamilah L. Perry, Executive Director and General Counsel for the State Attorneys' Office, followed up with Plaintiff and sent her an e-mail about Williams' request, stating, in part, "Would you please make sure to call him . . . by 9am tomorrow morning. It is imperative that he speak with you. Thank you."

30. On August 10, 2024, given these blatant violations of Plaintiff's rights under the FMLA, attorney Fritz Scheller attempted to call Perry and Williams on Plaintiff's behalf but received no answer. Scheller then e-mailed Perry around 9:00 a.m. on August 10, 2024, writing, in part, "I must caution you that notwithstanding the recent changes in leadership in your office, your office's FMLA obligations remain the same."

31. Then, without warning on August 10, 2024, around 5:00 p.m., armed law enforcement officers from the Orange County Sherrif's Office, law enforcement investigators from the State Attorney's Office, and the communication specialist from the State Attorney's Office showed up at Plaintiff's home on directives from Bain, the newly appointed State Attorney, to retrieve social media passwords and repossess all state property.

32. Plaintiff was perplexed by these repeated requests to perform work-related activities and emphasized that she was on leave under the FMLA.

33. At no point during this encounter, or at any point on August 9, 2023, was Plaintiff notified that she had been terminated.

34. Instead, Plaintiff only learned of her termination after everyone left her home and Investigator Tony Dossett left her with correspondence from the State Attorney's Office. The first letter was from Perry, on letterhead from Andrew A. Bain in his official capacity as State Attorney, dated August 10, 2023, notifying Plaintiff that she had been terminated effective August 9, 2023. The second letter was from HR Director Tamra Crane, on letterhead from Andrew A. Bain in his official capacity as State Attorney, regarding Plaintiff's final paycheck and other benefits.

35. By objecting to the State Attorney's Office interfering with her rights under the FMLA, refusing to perform work-related activities while on leave under the FMLA, and requesting leave for her own serious health condition, Plaintiff engaged in protected activity under the FMLA.

36. By repeatedly directing Plaintiff to perform work-related activities and then terminating her employment—all during her job-protected leave and shortly after she requested leave for her own serious health condition—Defendants violated Plaintiff's rights under the FMLA.

37. By requesting a reasonable accommodation for her handicap, Plaintiff engaged in protected activity under the FCRA.

38. By terminating Plaintiff's employment while she was on maternity leave following the birth of her daughter and shortly after she requested a reasonable accommodation for her handicap, the State Attorney's Office violated Plaintiff's rights under the FCRA.

39. Following Plaintiff's termination, the State Attorney's Office hired a non-pregnant female to replace Plaintiff in a role that fell under Plaintiff's job title and duties.

### COUNT I – FMLA INTERFERENCE – FAMILY CARE
### (*Against Defendant State Attorney's Office*)

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as fully set forth herein.

41. Plaintiff required time off from work for the birth and care of her daughter, requiring leave protected under the FMLA.

42. By repeatedly directing Plaintiff to perform work-related activities and then terminating Plaintiff's employment while she was on leave under the FMLA, Defendant interfered with Plaintiff's FMLA rights.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

b) An injunction restraining continued violation of the FMLA by Defendant;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e) Front pay;

f) Liquidated Damages;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

**COUNT II – FMLA RETALIATION – FAMILY CARE**
(*Against Defendant State Attorney's Office*)

45. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 39 of this Complaint, as fully set forth herein.

46. Plaintiff required time off from work for the birth and care of her daughter, requiring leave protected under the FMLA.

47. By objecting to Defendant interfering with her rights under the FMLA and refusing to perform work-related activities while on leave under the FMLA, Plaintiff engaged in protected activity.

48. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

b) An injunction restraining continued violation of the FMLA by Defendant;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses

          Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

    e)    Front pay;

    f)    Liquidated Damages;

    g)    Prejudgment interest on all monetary recovery obtained;

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

### COUNT III – FMLA INTERFERENCE – SELF-CARE
***(Against Defendant Bain in his official capacity as State Attorney)***

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as fully set forth herein.

52. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

53. By terminating Plaintiff's employment shortly after she requested leave for her own serious health condition, Defendant interfered with Plaintiff's FMLA rights.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to prospective equitable relief.

***WHEREFORE***, Plaintiff demands:

    a)     That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    b)     An injunction restraining continued violation of the FMLA by Defendant;

    c)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position;

    d)     All costs and attorney's fees incurred in prosecuting these claims; and

    e)     For such further relief as this Court deems just and equitable.

## COUNT IV – FMLA RETALIATION – SELF-CARE
*(Against Defendant Bain in his official capacity as State Attorney)*

56. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 39 of this Complaint, as fully set forth herein.

57. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

58. By requesting leave for her own serious health condition, Plaintiff engaged in protected activity.

59. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

60. Defendant's actions were willful and done with malice.

61. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to prospective equitable relief.

**WHEREFORE**, Plaintiff demands:

a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

b) An injunction restraining continued violation of the FMLA by Defendant;

c) All costs and attorney's fees incurred in prosecuting these claims; and

d) For such further relief as this Court deems just and equitable.

**COUNT V – FCRA VIOLATION**
**(HANDICAP DISCRIMINATION)**
**(*Against Defendant State Attorney's Office*)**

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

63. Plaintiff was diagnosed with a handicap and is a member of a protected class under the FCRA.

64. Plaintiff was subjected to disparate treatment on the basis of her handicap.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

### COUNT VI – FCRA RETALIATION
***(Against Defendant State Attorney's Office)***

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation for her handicap.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

34. Defendant's actions were willful and done with malice.

35. Defendant took material adverse action against Plaintiff.

36. Plaintiff was injured by Defendant's violations of the FCRA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f) Front pay;

    g) Any other compensatory damages, including emotional distress, allowable at law;

    h) Punitive damages;

  i)  Prejudgment interest on all monetary recovery obtained.

  j)  All costs and attorney's fees incurred in prosecuting these claims; and

  k)  For such further relief as this Court deems just and equitable.

### COUNT VII – FCRA VIOLATION
### (SEX DISCRIMINATION)
### (*Against Defendant State Attorney's Office*)

67. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA.

69. Plaintiff was subjected to disparate treatment on the basis of her sex, because of her pregnancy, when she was terminated while on maternity leave following the birth of her daughter.

70. Defendant's actions were willful and done with malice.

71. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

  c)  Compensation for lost wages, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of June 2024.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**HANNAH E. HORR**
Florida Bar Number: 116011
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**