## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KEISHA MULFORT,**

 **Plaintiff,**

v.       **CASE NO.:  6:24-cv-1118-JSS-EJK**

**STATE OF FLORIDA –
OFFICE OF THE STATE
ATTORNEY FOR THE
NINTH JUDICIAL CIRCUIT,
and ANDREW A. BAIN,
in his official capacity
as State Attorney,**

 **Defendants.**
_____/

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Keisha Mulfort, by and through undersigned counsel, brings this action against Defendants, State of Florida – Office of the State Attorney for the Ninth Judicial Circuit ("State Attorney's Office") and Andrew A. Bain ("Bain"), in his official capacity as State Attorney, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 <u>et</u> <u>seq.</u> ("FMLA"), the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 <u>et</u> <u>seq.</u>, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e <u>et</u> <u>seq.</u>, the

Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973, as amended ("Rehab Act"), 29 U.S.C. § 701 *et seq.*, and the Pregnant Workers Fairness Act ("PWFA), 41 U.S.C. § 2000gg et seq.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq. and supplemental jurisdiction of Plaintiff's state laws claims under 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida, which lies within the Middle District.

## PARTIES

4.     Plaintiff is a resident of Orange County, Florida, and she worked in Orange County for Defendants.

5.     Defendant State Attorney's Office for the Ninth Judicial Circuit serves Orange and Osceola Counties in Florida.

6.     Defendant Bain is the State Attorney for the Ninth Judicial Circuit.

## GENERAL ALLEGATIONS

7.     At the time of these events, Plaintiff was an employee of the State Attorney's Office, and she worked at least 1250 hours in the 12 months preceding her request for family care leave under the FMLA.

8.    At the time of these events, Plaintiff was an employee of Defendant Bain, and she worked at least 1250 hours in the 12 months preceding her request for self-care leave under the FMLA.

9.    Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10.    Defendant State Attorney's Office was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

11.    Defendant Bain was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

12.    At the time of these events, the State Attorney's Office employed fifteen or more employees and, therefore, was an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

13.    At the time of these events, the State Attorney's Office employed fifteen (15) or more employees and, therefore, was an "employer" within the meaning of Title VII.

14.    At the time of these events, the State Attorney's Office employed fifteen (15) or more employees and, therefore, was an "employer" within the meaning of the PWFA.

15.    At the time of these events, the State Attorney's Office employed fifteen (15) or more employees and, therefore, was an "employer" within the meaning of the ADA.

16.    At the time of these events, the State Attorney's Office received federal financial assistance.

17.    Plaintiff has satisfied all conditions precedent, or they have been waived.

18.    Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

19.    Plaintiff requests a jury trial for all issues so triable.

**FACTS**

20.    Plaintiff began working for the State Attorney's Office on or around January 4, 2021, as the Chief of Staff and Director of Public Affairs (Public Information Officer) for State Attorney Monique Worrell.

21.    Plaintiff performed her job in a satisfactory manner.

22.    In or around October 2022, Plaintiff learned that she was pregnant and notified the State Attorney's Office of her pregnancy.

23.    Bain was also aware of Plaintiff's pregnancy, attended her baby shower, and had discussions with her about her upcoming maternity leave. At this time, Bain was serving as a judge for Orange County.

24.    On or around April 10, 2023, Plaintiff submitted proper medical documentation to the State Attorney's Office in support of her FMLA leave request for the birth and care of her daughter.

25.    On May 30, 2023, Plaintiff gave birth and began her job-protected leave, which was originally scheduled to end around August 24, 2023.

4

26.    In early August 2023, Plaintiff requested additional leave following her post-partum depression diagnosis.

27.    Plaintiff was able to perform the essential functions of her role with a reasonable accommodation; therefore, Plaintiff was a qualified individual with a disability and handicap.

28.    Plaintiff was a qualified individual within the meaning of the PWFA.

29.    On August 4, 2023, the State Attorney's Office provided Plaintiff with a medical certification form for her health care provider to complete after learning of her post-partum depression diagnosis and need for leave.

30.    Meanwhile, on August 9, 2023, Governor Ron DeSantis suspended State Attorney Monique Worrell and appointed Bain to serve as the State Attorney for the Ninth Judicial Circuit for the duration of Worrell's suspension.

31.    That same day—while Plaintiff was still on leave under the FMLA—she received a call from Chief Assistant Ryan Williams, from HR Director Tamra Crane's personal cellphone, asking Plaintiff to provide Public Information Officer Jason Gunn with access to the Facebook page for the State Attorney's Office, despite Gunn already having access.

32.    During Plaintiff's call with Williams, she repeatedly questioned whether he was asking her to do work-related activities while she was on FMLA.

33.    On August 9, 2023, Kamilah L. Perry, Executive Director and General Counsel for the State Attorneys' Office, followed up with Plaintiff and sent her an e-mail about Williams' request, stating, in part, "Would you please

make sure to call him . . . by 9am tomorrow morning.  It is imperative that he speak with you. Thank you."

34.    On August 10, 2024, given these blatant violations of Plaintiff's rights under the FMLA, attorney Fritz Scheller attempted to call Perry and Williams on Plaintiff's behalf but received no answer.  Scheller then e-mailed Perry around 9:00 a.m. on August 10, 2024, writing, in part, "I must caution you that notwithstanding the recent changes in leadership in your office, your office's FMLA obligations remain the same."

35.    Then, without warning on August 10, 2024, around 5:00 p.m., armed law enforcement officers from the Orange County Sherrif's Office, law enforcement investigators from the State Attorney's Office, and the communication specialist from the State Attorney's Office showed up at Plaintiff's home on directives from Bain, the newly appointed State Attorney, to retrieve social media passwords and repossess all state property.

36.    Plaintiff was perplexed by these repeated requests to perform work-related activities and emphasized that she was on leave under the FMLA.

37.    At no point during this encounter, or at any point on August 9, 2023, was Plaintiff notified that she had been terminated.

38.    Instead, Plaintiff only learned of her termination after everyone left her home and Investigator Tony Dossett left her with correspondence from the State Attorney's Office. The first letter was from Perry, on letterhead from Andrew A. Bain in his official capacity as State Attorney, dated August 10, 2023,

notifying Plaintiff that she had been terminated effective August 9, 2023. The second letter was from HR Director Tamra Crane, on letterhead from Andrew A. Bain in his official capacity as State Attorney, regarding Plaintiff's final paycheck and other benefits.

39.    Following Plaintiff's termination, the State Attorney's Office hired a non-pregnant female to replace Plaintiff in a role that fell under Plaintiff's job title and duties.

### COUNT I – FMLA INTERFERENCE – FAMILY CARE
#### (*Against Defendant State Attorney's Office*)

40.    Plaintiff realleges and readopts the allegations of paragraphs 1-7, 9-10, 17-19, 20-25, 30-39 of this Complaint, as fully set forth herein.

41.    Plaintiff utilized leave protected under the FMLA for the birth and care of her daughter.

42.    By repeatedly directing Plaintiff to perform work-related activities and then terminating Plaintiff's employment while she was on leave under the FMLA, Defendant interfered with Plaintiff's FMLA rights—a materially adverse employment action.

43.    Defendant's actions were willful and done with malice.

44.    Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

b)    An injunction restraining continued violation of the FMLA by Defendant;

c)    Compensation for lost wages, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e)    Front pay;

f)    Liquidated Damages;

g)    Prejudgment interest on all monetary recovery obtained;

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION – FAMILY CARE
### (*Against Defendant State Attorney's Office*)

45.    Plaintiff realleges and readopts the allegations of paragraphs 1-7, 9-10, 17-19, 20-25, 30-39 of this Complaint, as fully set forth herein.

46.    Plaintiff utilized leave protected under the FMLA for the birth and care of her daughter.

47.    By objecting to Defendant interfering with her rights under the FMLA and refusing to perform work-related activities while on leave under the FMLA, Plaintiff engaged in protected activity.

48.    Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment—a materially adverse employment action.

49.    Defendant's actions were willful and done with malice.

50.    Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

b)    An injunction restraining continued violation of the FMLA by Defendant;

c)    Compensation for lost wages, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e)    Front pay;

f)    Liquidated Damages;

g)    Prejudgment interest on all monetary recovery obtained;

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

### COUNT III – FMLA INTERFERENCE – SELF-CARE
### (*Against Defendant Bain in his official capacity as State Attorney*)

51.    Plaintiff realleges and readopts the allegations of paragraphs 1-6, 8-9, 11, 17-19, 20-26, 29, and 30-39 of this Complaint, as fully set forth herein.

52.    Plaintiff required leave protected under the FMLA to care for herself following her post-partum depression diagnosis, a serious health condition within the meaning of the FMLA.

10

53.     By terminating Plaintiff's employment shortly after she requested leave for her own serious health condition, Defendant interfered with Plaintiff's FMLA rights.

54.     Defendant's actions were willful and done with malice.

55.     Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to prospective equitable relief.

**WHEREFORE**, Plaintiff demands:

a)     That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

b)     An injunction restraining continued violation of the FMLA by Defendant;

c)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position;

d)     All costs and attorney's fees incurred in prosecuting these claims; and

e)     For such further relief as this Court deems just and equitable.

## COUNT IV – FMLA RETALIATION – SELF-CARE
### (*Against Defendant Bain in his official capacity as State Attorney*)

56.     Plaintiff realleges and readopts the allegations of paragraphs 1-6, 8-9, 11, 17-26, and 29-39 of this Complaint, as fully set forth herein.

57.    Plaintiff required leave protected under the FMLA to care for herself following her post-partum depression diagnosis, a serious health condition within the meaning of the FMLA.

58.    By requesting leave for her own serious health condition, Plaintiff engaged in protected activity.

59.    Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment—a materially adverse employment action.

60.    Defendant's actions were willful and done with malice.

61.    Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to prospective equitable relief.

**WHEREFORE**, Plaintiff demands:

a)    That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

b)    An injunction restraining continued violation of the FMLA by Defendant;

c)    All costs and attorney's fees incurred in prosecuting these claims; and

d)    For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)
### (*Against Defendant State Attorney's Office*)

62.    Plaintiff realleges and readopts the allegations of paragraphs 1-6, 12, 17-27, and 29-39 of this Complaint, as though fully set forth herein.

63.    Plaintiff's post-partum depression diagnosis qualified as a handicap; therefore, Plaintiff was a member of a protected class under the FCRA.

64.    Plaintiff was subjected to disparate treatment on the basis of her handicap and terminated—a materially adverse employment action.

65.    Defendant's actions were willful and done with malice.

66.    Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, benefits, and other remuneration;

d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e)    Any other compensatory damages, including emotional distress, allowable at law;

f)    Punitive damages;

13

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION
### (*Against Defendant State Attorney's Office*)

67.    Plaintiff realleges and readopts the allegations of paragraphs 1-6, 12, 17-27, and 29-39 of this Complaint, as though fully set forth herein.

68.    Plaintiff's post-partum depression diagnosis qualified as a handicap; therefore, she was a member of a protected class under the FCRA.

69.    Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation in the form of leave following her post-partum depression diagnosis.

70.    Plaintiff had a good faith, reasonable belief that she was entitled to leave under the FCRA.

71.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment—a materially adverse employment action.

72.    Defendant's actions were willful and done with malice.

73.    Defendant took material adverse action against Plaintiff.

74.    Plaintiff was injured by Defendant's violations of the FCRA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f)    Front pay;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT VII – ADA RETALIATION
### (*Against Defendant State Attorney's Office*)

75.    Plaintiff realleges and readopts the allegations of paragraphs 1-3, 4-6, 15, 17-27, and 29-39 of this Complaint, as though fully set forth herein.

76.    Plaintiff's post-partum depression diagnosis qualified as a disability; therefore, she was a member of a protected class under the ADA.

77.    Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation in the form of leave following her post-partum depression diagnosis.

78.    Plaintiff had a good faith, reasonable belief that she was entitled to leave under the ADA.

79.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment—a materially adverse employment action.

80.    Defendant's actions were willful and done with malice.

81.    Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)    That this Court enter an injunction restraining continued violation of the ADA;

e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

17

## COUNT VIII – FCRA VIOLATION
### (SEX DISCRIMINATION)
### (*Against Defendant State Attorney's Office*)

82.     Plaintiff realleges and readopts the allegations of paragraphs 1-3, 4-6, 12, 17-25, and 30-39 of this Complaint, as though fully set forth herein.

83.     Plaintiff was a pregnant female who took maternity leave; as a result, she was a member of a protected class under the FCRA.

84.     Plaintiff was subjected to disparate treatment on the basis of her sex, because of her pregnancy, when she was terminated while on maternity leave following the birth of her daughter—a materially adverse employment action.

85.     Defendant's actions were willful and done with malice.

86.     Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     Compensation for lost wages, benefits, and other remuneration;

    d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e)     Any other compensatory damages, including emotional distress, allowable at law;

18

f)    Punitive damages;

g)    Prejudgment interest on all monetary recovery obtained.

h)    All costs and attorney's fees incurred in prosecuting these claims; and

i)    For such further relief as this Court deems just and equitable.

### COUNT IX – TITLE VII VIOLATION
### (SEX DISCRIMINATION)
### (*Against Defendant State Attorney's Office*)

87.    Plaintiff realleges and readopts the allegations of paragraphs 1-3, 4-6, 13, 17-25, and 30-39 of this Complaint, as though fully set forth herein.

88.    Plaintiff was a pregnant female who took maternity leave; as a result, she was a member of a protected class under Title VII.

89.    Plaintiff was subjected to disparate treatment on the basis of her sex, because of her pregnancy, when she was terminated while on maternity leave following the birth of her daughter—a materially adverse employment action.

90.    Defendant's actions were willful and done with malice.

91.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

    c)     An injunction restraining continued violation of Title VII by Defendant;

    d)     Compensation for lost wages, benefits, and other remuneration;

    e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)     Any other compensatory damages, including emotional distress, allowable at law;

    g)     Punitive damages;

    h)     Prejudgment interest on all monetary recovery obtained.

    i)     All costs and attorney's fees incurred in prosecuting these claims; and

    j)     For such further relief as this Court deems just and equitable.

## COUNT X – PWFA RETALIATION
### (*Against Defendant State Attorney's Office*)

92.    Plaintiff realleges and readopts the allegations of paragraphs 1-3, 4-6, 14, 17-26, and 28-39 of this Complaint, as though fully set forth herein.

93.    Plaintiff was a member of a protected class under the PWFA because her post-partum depression diagnosis was related to, affected by, or arose out of the birth of her child.

94.    Plaintiff engaged in protected activity under the PWFA by requesting a reasonable accommodation in the form of leave following her post-partum depression diagnosis.

95.    Defendant retaliated against Plaintiff for engaging in protected activity under the PWFA by terminating her employment—a materially adverse employment action.

96.    Defendant's actions were willful and done with malice.

97.    Plaintiff was injured by Defendant's violations of the PWFA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the PWFA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    f) Front pay;

g)  Any other compensatory damages, including emotional distress, allowable at law;

h)  Punitive damages;

i)  Prejudgment interest on all monetary recovery obtained.

j)  All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.

## COUNT XI – REHABILITATION ACT
### (DISABILITY DISCRIMINATION)
### (*Against Defendant State Attorney's Office*)

98.  Plaintiff realleges and readopts the allegations of paragraphs 1-6, 16-27, and 29-39 of this Complaint, as though fully set forth herein.

99.  Plaintiff was a member of a protected class under the Rehab Act because following her post-partum depression diagnosis, she was an "individual with a disability" as defined in 29 U.S.C. § 705(20).

100.  Plaintiff was subjected to disparate treatment because of her disability and terminated—a materially adverse employment action.

101.  Defendant acted intentionally and was deliberately indifferent to Plaintiff's rights under the Rehab Act.

102.  Plaintiff was injured due to Defendant's violations of the Rehab Act, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)  A jury trial on all issues so triable;

22

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of the Rehab Act by Defendant;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained.

i)    All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT XII – REHABILITATION ACT
### (RETALIATION)
### (*Against Defendant State Attorney's Office*)

103.    Plaintiff realleges and readopts the allegations of paragraphs 1-6, 16-27, and 29-39 of this Complaint, as though fully set forth herein.

104.    Plaintiff was a member of a protected class under the Rehab Act because following her post-partum depression diagnosis, she was an "individual with a disability" as defined in 29 U.S.C. § 705(20).

23

105.   Plaintiff engaged in protected activity under the Rehab Act by requesting a reasonable accommodation in the form of leave following her post-partum depression diagnosis.

106.   Plaintiff had a good faith, reasonable belief that she was entitled to leave.

107.   Defendant retaliated against Plaintiff for engaging in protected activity by terminating Plaintiff's employment—a materially adverse employment action.

108.   Defendant's actions were willful and done with malice.

109.   Plaintiff was injured due to Defendant's violations of the Rehab Act, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of the Rehab Act by Defendant;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained.

i)    All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 6th day of July 2024.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**HANNAH E. HORR**
Florida Bar Number:  116011
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of August, 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing document will be served with the Summons.

_____

**LUIS A. CABASSA**