UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEISHA MULFORT,**

    Plaintiff,

v.                                Case No: 6:24-cv-1118-JSS-EJK

**STATE OF FLORIDA - OFFICE
OF THE STATE ATTORNEY FOR
THE NINTH JUDICIAL CIRCUIT
and ANDREW A. BAIN,**

    Defendants.

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING THE COURT'S RULINGS ON DEFENDANTS' MOTION TO DISMISS**

Defendants, STATE OF FLORIDA OFFICE OF THE STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT and ANDREW A. BAIN (Defendants), through undersigned counsel, file this Motion to Stay Proceedings including discovery pending the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Amended Complaint and, in support, states:

**I. BACKGROUND**

1. On August 6, 2024, Plaintiff filed her Amended Complaint (Complaint) in this action against Defendant, for multiple counts of alleged violations of the Family and Medical Leave Act (FMLA), the Florida Civil Rights Act (FCRA), the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964 (Title VII), the Pregnant Workers Fairness Act (PWFA), and the

Rehabilitation Act of 1973 (Rehab Act).  DE 9.

2. Based on the allegations in the Complaint, and upon inquiry into those allegations, Defendants ascertained:

   a. Plaintiff's alleged claims under the FCRA in Counts V, VI, and VIII must be dismissed as Defendant State Attorney's Office is immune from suit;

   b. Plaintiff's alleged claims under the ADA in Count VII must be dismissed as Defendant State Attorney's Office is immune from suit;

   c. All of Plaintiff's Counts I through XII should be dismissed for failure to state a cause of action.

3. Defendant has filed its Motion to Dismiss the Complaint.  DE 16.

4. If the Court grants Defendants' Motion to Dismiss, most and likely all of the claims in this case will be terminated, as Defendants are immune under the Eleventh Amendment and sovereign immunity from the ADA and FCRA claims in the Complaint. As well, *all* of Plaintiff's claims are subject to dismissal for failure to state a cause of action.

5. Defendant accordingly requests that the Court stay further proceedings in this matter, including any discovery or conferences, until the Court has ruled on Defendants' Motion to Dismiss.

6. Plaintiff will not be prejudiced by the granting of this Motion to Stay.

## II.     MEMORANDUM OF LAW

a. <u>Motion to Stay Standard</u>

A federal district court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). This includes staying discovery. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also, Montgomery v. Board of Trustees of Alabama Agricultural & Mechanical University*, 2019 WL 2224823 at FN1 (N.D. Ala. 2019) (motion to stay proceedings including discovery was granted pending determination of motion to dismiss under Rule 12(b)(1)); *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (Protective order was properly entered staying discovery until case-dispositive motions to dismiss were resolved); *Moore v. Potter*, 141 Fed. Appx. 803 (11th Cir. 2005) (District court did not abuse discretion by staying discovery until Rule 12(b)(6) motion to dismiss ruled upon). *See also, Cotton v. Massachusetts Mutual Life Ins. Co.*, 402 F.3d 1267, 1292 (11th. Cir. 2005) (Facial challenges to legal sufficiently of complaint in dispositive motion to dismiss should be resolved before discovery begins); *Moore v. Potter*, 141 Fed. Appx. 803 (11th Cir. 2005) (upholding stay of discovery until ruling on defendants' motion to dismiss).

A stay should be granted if the movant can show good cause and reasonableness. *McCabe*, 233 F.R.D. at 685. Further, federal district courts "have granted such motions to stay where the 'resolution on the pending motion to dismiss may extinguish <u>some or all</u> of the claims ... potentially restricting the scope of

3

discovery significantly.'" *Riley v. Rutherford*, 2010 WL 4054140, at *1 (M.D. Fla. 2010) (cleaned up) (emphasis added). In determining the likelihood of a motion to dismiss being granted, eliminating the need for pretrial activity, a court should take a "preliminary peek" at its merits. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997). It should also weigh the harm of delaying discovery against the likely costs and burdens of proceeding with it. *Id*.

      b.      <u>Defendants have shown Good Cause and the Request is Reasonable</u>

Defendants have good cause for requesting a stay because it has raised the case- or claims-dispositive issue of whether Plaintiff has stated a cause of action in this or any court, as well as the claims-dispositive claims of immunity from suit. The Court's "preliminary peek" at Defendants' Motion to Dismiss will reveal it is meritorious and truly dispositive. *McCabe*, 233 F.R.D. at 685.

Plaintiff's allegations in the Complaint, as well as the law explicated in Defendants' Motion to Dismiss, demonstrate clearly that Defendants are immune from suit before this Court and that Plaintiff has failed to state causes of action in any of her twelve counts. Because of the factual claims—and lack of them—in the Complaint, these deficiencies are not mere pleading errors that could be corrected upon amendment.

These arguments are established through the allegations themselves, not any fact-intensive inquiry. The Eleventh Circuit has held that discovery should not begin while a motion to dismiss based on a facial challenge to the complaint is pending:

    Facial challenges to the legal sufficiency of a claim or defense, such as a

> motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. *See Mitchell v. Duval County Sch. Bd.*, 107 F.3d 837, 838 n. 1 (11th Cir.1997) (per curiam). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). *See also Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (stating "such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government"); *Riley v. Rutherford*, 2010 WL 4054140, at *1 (M.D. Fla. 2010).

As well, the requested stay is reasonable and not "immoderate—that is to say, too long, too indefinite or without proper justification." *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, 2012 WL 1852941, at *1 (S.D. Fla. 2012) (citing *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) and *Landis v. N. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). It is requested only until the Court adjudicates the Motion to Dismiss.

WHEREFORE, Defendants respectfully request that this Court stay the proceedings in this action, including discovery and other proceedings, until Defendants' Motion to Dismiss has been adjudicated.

5

Respectfully submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

/s/ Robert E. Gregg
Robert E. Gregg (FBN 577431)
Employment Law Manager

/s/ Christopher Hunt
Christopher Hunt (FBN 0832601)
Assistant Attorney General
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Office: (850) 414-3300
Robert.Gregg@myfloridalegal.com
Christopher.Hunt@myfloridalegal.com
Attorneys for Defendant

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant certifies that he conferred with counsel for Plaintiff on September 5, 2024 via email and Plaintiff's counsel objects to the granting of this motion to stay.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, and thereby was served upon Plaintiff's Counsel via email on September 5, 2024.

/s/ Robert Gregg
Robert Gregg
Employment Law Manager