UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEISHA MULFORT,

     Plaintiff,

v.                                                    Case No: 6:24-cv-1118-JSS-EJK

STATE OF FLORIDA - OFFICE OF
THE STATE ATTORNEY FOR THE
NINTH JUDICIAL CIRCUIT and
ANDREW A. BAIN,

     Defendants.
_____/

## ORDER

Defendants, State of Florida - Office of the State Attorney for the Ninth Judicial Circuit (the State Attorney's Office) and Andrew A. Bain in his official capacity as State Attorney (Bain), move to stay these proceedings pending resolution of their motion to dismiss the amended complaint for failure to state a claim. (Dkt. 17.) Plaintiff, Keisha Mulfort, opposes the motion to stay. (Dkt. 20.) Upon consideration, for the reasons outlined below, the court denies the motion.

In the amended complaint, Plaintiff asserts twelve counts against Defendants for discrimination and retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654; the Florida Civil Rights Act (FCRA), Fla. Stat. §§ 760.01–760.11; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213; Title VII of the Civil Rights Act (Title VII), 42 U.S.C. §§ 2000e to 2000e-17; the Pregnant Workers Fairness Act (PWFA), 41 U.S.C. §§ 2000gg to 2000gg-6); and the

Rehabilitation Act, 29 U.S.C. §§ 701–796*l*.  (Dkt. 9 ¶¶ 40–109.)  Plaintiff states that she was Defendants' employee when she took FMLA leave in late May 2023 after she gave birth to her daughter and that she asked for additional leave in early August 2023 after she was diagnosed with post-partum depression.  (*Id.* ¶¶ 7–8, 24–26.)  Allegedly, less than a week "after [Defendants] learn[ed] of [Plaintiff's] post-partum depression diagnosis and need for [additional] leave" and while she was still on leave "for the birth and care of her daughter," Defendants directed her "to perform work-related activities" and then terminated her employment when she did not perform them.  (*Id.* ¶¶ 24, 29, 32–38.)  When describing the work-related activities, Plaintiff alleges that Defendants "ask[ed] [her] to provide [another employee] with access to the Facebook page for the State Attorney's Office" and then sent other employees, as well as "armed law enforcement officers," to Plaintiff's residence "to retrieve social media passwords and [to] repossess all state property."  (*Id.* ¶¶ 31–32, 35–36.)  Plaintiff states that Defendants also terminated her employment around this time.  (*Id.* ¶¶ 37–38.)

Plaintiff claims that the State Attorney's Office interfered with her FMLA rights when it "repeatedly direct[ed] [her] to perform work-related activities and then terminat[ed] [her] employment while she was on leave" and that Bain interfered with her FMLA rights when he "terminat[ed] [her] employment shortly after she requested [additional] leave for her" post-partum depression.  (*Id.* ¶¶ 42, 53.)  She further claims that when the State Attorney's Office terminated her employment, it subjected her to disability-based disparate treatment based on her post-partum depression diagnosis in violation of the Rehabilitation Act and the FCRA and to sex-based disparate treatment

based on her pregnancy-related leave in violation of Title VII and the FCRA.  (*Id.* ¶¶ 63–64, 84, 89, 99–100.)  Regarding retaliation, Plaintiff asserts that Bain violated the FMLA and the State Attorney's Office violated the ADA, PWFA, Rehabilitation Act, and FCRA when they terminated her employment because she asked for additional leave as a reasonable accommodation for her post-partum depression and that the State Attorney's Office violated the FMLA when it terminated her employment because she objected to its interference with her FMLA rights.  (*Id.* ¶¶ 47–48, 58–59, 69–71, 77–79, 93–95, 105–07.)  Plaintiff seeks declaratory, injunctive, and monetary relief.  (*See, e.g.*, *id.* at 21–23.)

"District courts have unquestionable authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks omitted).  "This authority includes 'broad discretion in deciding how best to manage the cases before them.'"  *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)).  Accordingly, courts have "broad discretion over the management of pre[]trial activities, including discovery and scheduling."  *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).

A party moving for a stay "bears the burden of showing good cause and reasonableness."  *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).  "In deciding whether to stay discovery pending resolution" of an allegedly dispositive motion, courts "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such

discovery." *Id.* (quoting same).  This balancing "involves weighing the likely costs and burdens of proceeding with discovery." *Id.* (quoting same).  The court must "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id.* (quoting same).

In their motion to dismiss, Defendants contend that the amended complaint fails to state a claim for relief because its counts lack sufficient factual support to be plausible, are barred by sovereign immunity, and are duplicative of one another.  (*See* Dkt. 16.)  Having taken a preliminary peek at this pending motion, the court does not discern "an immediate and clear possibility" that the motion to dismiss will be granted and will eliminate the need for discovery.  *See Feldman*, 176 F.R.D. at 652.[1]  The court thus concludes that the harm resulting from a delay in discovery outweighs the possibility that there will be no need for discovery, and the motion to stay is denied. *See Norris v. Honeywell Int'l, Inc.*, No. 8:22-cv-2210-CEH-MRM, 2023 U.S. Dist. LEXIS 111732, at *7–8 (M.D. Fla. June 28, 2023) (denying defendants' motion to stay discovery pending resolution of their motion to dismiss because "a preliminary peek at the motion [to dismiss] d[id] not demonstrate an immediate and clear possibility that the [c]ourt w[ould] dismiss the action in full"); *Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 U.S. Dist. LEXIS 131361, at *5 (S.D. Fla. June 26, 2023) (denying the defendant's motion to stay pending resolution of its motion to

---

[1] That said, the court does not express any opinion on the ultimate merits of the pending motion.

dismiss because "dismissal [wa]s not a foregone conclusion").

Accordingly, Defendants' motion to stay discovery (Dkt. 17) is **DENIED**.

**ORDERED** in Orlando, Florida, on September 23, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record