UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEISHA MULFORT,**

    **Plaintiff,**

v.                                    Case No: 6:24-cv-1118-JSS-EJK

**STATE OF FLORIDA - OFFICE
OF THE STATE ATTORNEY FOR
THE NINTH JUDICIAL CIRCUIT
and ANDREW A. BAIN,**

    **Defendants.**

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, STATE OF FLORIDA OFFICE OF THE STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT and ANDREW A. BAIN (collectively, "Defendants"), through undersigned counsel and pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, respectfully request that the Court grant this motion for partial summary judgment as to Counts I through IV of KEISHA MULFORT's ("Plaintiff") Amended Complaint, for failure to state a cause of action.

**I.**    **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that "A party may move for summary judgment, identifying each claim or defense–<u>or the part of each claim or defense</u>–on which summary judgment is sought. Fed.R.Civ.P. 56(a) (emphasis added). Furthermore, "The court shall grant summary judgment if the

1

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. *See also*, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242 (1986) (where there is no genuine factual issue and only a question of law, summary judgment is appropriate).

## II.   Memorandum of Law

   a. <u>Plaintiff is not an "employee" under the FMLA</u>

Plaintiff's Amended Complaint (DE 9) assumes, especially in Counts I through IV, that Plaintiff is an employee within the definition of "employee" under the Family and Medical Leave Act (FMLA) statute and regulations. More than that, Plaintiff plainly claims that "This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA")[.]" D.E. 9 at ¶ 1. In §29 USC 203, an employee for FMLA purposes is, among others:

> any individual employed by a State, political subdivision of a State, or an interstate governmental agency, <u>other than such an individual</u>--
>   (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and
>   (ii) who--
>     (I) holds a public elective office of that State, political subdivision, or agency,
>     (II) is selected by the holder of such an office to be a member of his personal staff,
>     (III) is appointed by such an officeholder to serve on a policymaking level,
>     (IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office

29 USC §203(e)(2)(C). *See also*, 29 U.S. Code § 2611(3); 29 CFR §825.102.

As the U.S. Supreme Court articulated this rule in *Nevada Dept. of Human Resources v. Hibbs*, "Employees in high-ranking or sensitive positions are simply

2

ineligible for FMLA leave; of particular importance to the States, the FMLA expressly excludes from coverage state elected officials, their staffs, and appointed policymakers." *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 739 (2003).

Plaintiff explicitly states that she was "the Chief of Staff and Director of Public Affairs (Public Information Officer) for State Attorney Monique Worrell" when the incidents and alleged violations in the Amended Complaint occurred. *Id*. at ¶ 20. While the Supreme Court's summary of FMLA-excluded workers seems broader than the statute's ("state elected officials[' ] staffs" as opposed to "selected by the holder of such an office to be a member of his personal staff"), it is evident that Plaintiff fits within both articulations. As Chief of Staff for an elected official, Plaintiff is, by definition, not an employee under—and therefore not covered by—the FMLA.

While Plaintiff was granted leave that Defendant mistakenly referred to as (and believed was) FMLA leave, there is no legal doctrine that demands that Defendants adopt the mistake and continue FMLA leave or other coverage. In an email discussion on November 26 and 27, Plaintiff's counsel was advised by the undersigned that his client was exempt from coverage under the FMLA. To this date, Plaintiff's counsel has not taken any action to dismiss those claims from the Complaint, though he advised the undersigned that cases exist in which equitable estoppel was applied in FMLA cases.

  b. There are no equitable or other doctrines to support Plaintiff's FMLA claims

As an initial matter, it is not clear whether equitable estoppel applies at all in FMLA cases in the Eleventh Circuit. In *Martin v. Brevard County Public Schools*, the

3

court stated, "Martin recognizes that this Court has not yet adopted the estoppel doctrine in the FMLA context, but nevertheless asks us to follow the lead of other courts that have done so." *Martin v. Brevard County Public Schools*, 543 F.3d 1261, 1266 (11th Cir. 2008). Likewise, in *Dawkins v. Fulton County Gov't,* an employee sought to bring a claim of FMLA retaliation under a theory of equitable estoppel based on a manager's one word response of "Approved" to an e-mail requesting both emergency and FMLA leave. Again, the Eleventh Circuit declined to decide whether federal common law equitable estoppel applies to FMLA claims. *Dawkins v. Fulton County Gov't*, (11th Cir. Sept. 30, 2013).

The court in *Martin* concluded that it "need not accept Martin's invitation [to apply equitable estoppel to FMLA cases], however; the estoppel doctrine, as a matter of law, would not apply here in any event." *Martin* 543 F.3d at 1266. The court further explained:

> To invoke [equitable] estoppel, a party must prove that: "(1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation.

*Id*. (citing *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008).

Here, Plaintiff has not pled or even suggested that Defendants misrepresented any facts regarding the leave to Plaintiff and that Defendants were aware of *other* facts that were true that Plaintiff did not know or had no reason to know. Such a reading of

4

the Complaint as pled is simply not possible. In fact, all Plaintiff has alleged regarding how she requested and received FMLA leave is that she "submitted proper medical documentation to the State Attorney's Office in support of her FMLA leave," on April 10, 2023 and began taking that leave on May 30, 2023. Complaint at ¶¶ 24-25. Such facts as would even arguably raise the equitable doctrine of estoppel are simply not in the Complaint and would have to be completely assumed to apply in this case.

### III.   Conclusion

Whether Plaintiff is an "employee" covered by the FMLA as "Chief of Staff and Director of Public Affairs (Public Information Officer) for [elected official] State Attorney Monique Worrell" (DE 9 at ¶ 20) is purely a matter of law pursuant to 29 USC §203(e)(2)(C), § 2611(3), and 29 CFR §825.102. There are no disputed material facts and, as a matter of law, Plaintiff cannot recover under equitable estoppel or any other theory for alleged FMLA violations as a non-employee under that Act.

WHEREFORE, Defendants, State of Florida Office of the State Attorney for the Ninth Judicial Circuit and Andrew A. Bain respectfully request that partial summary judgment be granted as to Plaintiff's FMLA claims, specifically Counts I, II, III, and IV of Plaintiff's Amended Complaint.

Respectfully submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

/s/ Robert E. Gregg
Robert E. Gregg (FBN 577431)
Employment Law Manager
Office of the Attorney General

5

General Civil North<br>
The Capitol, PL-01<br>
Tallahassee, FL 32399-1050<br>
Office: (850) 414-3300<br>
Robert.Gregg@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, and thereby was served upon Plaintiff's Counsel via email on December 4, 2024.

s/Robert Gregg<br>
Special Counsel