UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEISHA MULFORT,**

    **Plaintiff,**

v.                                          **CASE NO.: 6:24-cv-1118-JSS-EJK**

**STATE OF FLORIDA –
OFFICE OF THE STATE
ATTORNEY FOR THE
NINTH JUDICIAL CIRCUIT,
and ANDREW A. BAIN,
in his official capacity
as State Attorney,**

    **Defendants.**

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

    Plaintiff moves the Court to strike Defendants' Motion for Partial Summary Judgment as to Counts I through IV of Plaintiff's Amended Complaint (Doc. 30) due to Defendants' failure to comply with paragraph five of the Court's Case Management and Scheduling Order governing motions for summary judgment. (Doc. 27).

**MEMORANDUM OF LAW**

    "Courts enjoy broad discretion in how to best manage the cases before them." *Desir v. LVNV Funding, LLC*, No. 8:22-CV-1300-CEH-JSS, 2023 WL 374327, at \*1 (M.D. Fla. Jan. 24, 2023) (citations omitted). This includes "the

1

inherent power to impose sanctions for a party's failure to comply with court orders or the Federal Rules of Civil Procedure." *Harris Corp. v. Fed. Express Corp.*, No. 607CV1819ORL28KRS, 2010 WL 11474444, at *1 (M.D. Fla. Mar. 3, 2010) (citing *Zocaras v. Castro,* 465 F.3d 479, 490 (11th Cir. 2006)). "The Court may, among other things, strike a non-compliant motion or other filing." *Harris Corp.*, 2010 WL 11474444, at *1 (citing *Jones v. United Space Alliance, LLC.*, 170 Fed. Appx. 52, 57 (11th Cir. 2006) (finding no abuse of discretion by a district court when striking a motion that violated the court's local rules)).

Defendants failed to comply with paragraph five of the Case Management and Scheduling Order's specific requirements governing motions for summary judgment (copied below):

**5. Motions for Summary Judgment.**

**(a) Required Materials**.

1. **Joint Stipulation of Agreed Material Facts**. Fourteen days before a party files a motion for summary judgment, counsel for all parties affected by the motion shall meet and confer to create a Stipulation of Agreed Material Facts, which will be deemed admitted for purposes of the motion. The Stipulation shall be filed with the court.

2. A motion for summary judgment shall specify the stipulated material facts as to which the moving party contends there is no genuine issue for trial, and shall be accompanied by a memorandum of law, affidavits, and other evidence in the form required by Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages. Local Rule 3.01(a). The memorandum in

> opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate.

Defendants neither conferred with Plaintiff's counsel to create a Stipulation of Agreed Material Facts nor filed such a stipulation with the Court. As a result, the motion is procedurally and substantively improper. Plaintiff is unable to respond to the motion as currently filed because by doing so, Plaintiff would similarly be in direct violation of the Court's order.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court exercise its broad discretion by striking Defendants' Motion for Partial Summary Judgment and granting any other relief the Court deems just and proper.

## Local Rule 3.01(g) Certification

On December 18, 2024, the undersigned counsel conferred with Defendants' counsel via email who advised that they object to this motion.

Dated this 26th day of December 2024.

        Respectfully submitted,

/s/ Luis A. Cabassa
_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**HANNAH E. HORR**
Florida Bar Number: 116011
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of December 2024, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Luis A. Cabassa
_____
**LUIS A. CABASSA**

4