UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEISHA MULFORT,

      Plaintiff,

v.                                  Case No: 6:24-cv-1118-JSS-EJK

STATE OF FLORIDA - OFFICE OF
THE STATE ATTORNEY FOR THE
NINTH JUDICIAL CIRCUIT and
ANDREW A. BAIN,

      Defendants.

_____/

## ORDER

      Defendants, State of Florida - Office of the State Attorney for the Ninth Judicial Circuit (the State Attorney's Office) and Andrew A. Bain in his official capacity as State Attorney (Bain), move for partial summary judgment, (Dkt. 30), and for a stay pending the resolution of that motion, (Dkt. 34). Plaintiff, Keisha Mulfort, moves to strike the motion for partial summary judgment, (Dkt. 31), and opposes the motion for a stay, (*see* Dkt. 34 at 7). Defendants oppose Plaintiff's motion to strike. (Dkt. 33.) Upon consideration, for the reasons outlined below, the court denies the motions.[1]

## BACKGROUND

      Defendants move for partial summary judgment on the first four counts of the amended complaint. (*See* Dkt. 30.) In these counts, Plaintiff asserts interference and

---

[1] Defendants' motion for partial summary judgment raises a single issue, which is not raised in their motion to dismiss. (*See* Dkts. 16, 30.) That motion remains pending.

retaliation claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654.  (Dkt. 9 ¶¶ 40–61.)  Defendants do not submit evidence in support of their motion for partial summary judgment but instead rely on facts alleged in the amended complaint.  (*See* Dkt. 30; *see also* Dkt. 33 at 8 ("[A]ll of the facts supporting Defendants' [m]otion for [p]artial [s]ummary [j]udgment are found within Plaintiff's . . . [a]mended [c]omplaint . . . .").)

The amended complaint states: "Plaintiff began working for the State Attorney's Office on or around January 4, 2021, as the Chief of Staff and Director of Public Affairs (Public Information Officer) for State Attorney Monique Worrell." (Dkt. 9 ¶ 20.)  According to Plaintiff, she was Defendants' employee when she took FMLA leave in late May 2023 after she gave birth to her daughter and when she asked for additional leave in early August 2023 after she was diagnosed with post-partum depression.  (*Id.* ¶¶ 7–8, 24–26.)  Allegedly, less than a week "after [Defendants] learn[ed] of [Plaintiff's] post-partum depression diagnosis and need for [additional] leave" and while she was still on leave "for the birth and care of her daughter," Defendants directed her "to perform work-related activities" and then terminated her employment when she did not perform them.  (*Id.* ¶¶ 24, 29, 32–38.)  When describing the work-related activities, Plaintiff alleges that Defendants "ask[ed] [her] to provide [another employee] with access to the Facebook page for the State Attorney's Office" and then sent other employees, as well as "armed law enforcement officers," to Plaintiff's residence "to retrieve social media passwords and [to] repossess all state property."  (*Id.* ¶¶ 31–32, 35–36.)  Plaintiff states that Defendants also terminated her

employment around this time.  (*Id.* ¶¶ 37–38.)

The case management and scheduling order in this case includes requirements related to motions for summary judgment.  (Dkt. 27 at 2–3.)  In relevant part, it provides: "Fourteen days before a party files a motion for summary judgment, counsel for all parties affected by the motion shall meet and confer to create a [s]tipulation of [a]greed [m]aterial [f]acts, which will be deemed admitted for purposes of the motion. The [s]tipulation shall be filed with the court."  (*Id.*)  Defendants did not confer with Plaintiff to create a stipulation of agreed material facts for their motion for partial summary judgment and did not file such a stipulation with the court.  (Dkt. 31 at 3; Dkt. 33 at 8.)  Defendants submit that a stipulation was unnecessary given the motion's reliance on the facts alleged in the amended complaint.  (Dkt. 33 at 4, 8.)

## APPLICABLE STANDARDS

Although "courts enjoy broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), "[m]otions to strike are generally disfavored and infrequently granted," *Johnson Bros. Corp. v. WSP USA, Inc.*, No. 6:21-cv-200-JA-EJK, 2024 U.S. Dist. LEXIS 109505, at *2 (M.D. Fla. June 21, 2024) (quotation omitted).  Further, although "[c]ourts have the inherent power to police those appearing before them," the "key to unlocking [this] inherent power is a finding of bad faith."  *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017).

Federal Rule of Civil Procedure 56 permits a party to "move for summary judgment" as to a "claim or defense" or "part of [a] claim or defense."  Fed. R. Civ.

P. 56(a).  Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  *Id.*  The party moving for summary judgment typically must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment.  Fed. R. Civ. P. 56(c)(1)(A).  "The court need consider only the cited materials" when resolving the motion.  Fed. R. Civ. P. 56(c)(3); *see HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a court may decide a motion for summary judgment without undertaking an independent search of the record." (quotation omitted)).

A factual dispute is "genuine" only if "a reasonable [factfinder] could return a verdict for the non[-]moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law.  *Id.*  The moving party bears the initial burden of identifying those portions of the record showing a lack of a genuine factual dispute.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes which preclude judgment as a matter of law.  *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also HRCC*, 703 F. App'x at 816–17 ("Presenting arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court." (alteration adopted) (quoting *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990))). In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non[-]moving party." *Matsushita*, 475 U.S. at 587.

## ANALYSIS

The court addresses Plaintiff's motion to strike and Defendants' motion for partial summary judgment in turn. Because the court resolves Defendants' motion for partial summary judgment, it denies as moot Defendants' motion for a stay pending the resolution of that motion.

1. **Plaintiff's Motion to Strike**

Plaintiff asks the court to strike Defendants' motion for partial summary judgment pursuant to the court's broad discretion to manage its cases and its inherent power to sanction noncompliance with its orders. (Dkt. 31.) *See Purchasing Power*, 851 F.3d at 1223; *Chudasama*, 123 F.3d at 1366. She bases her motion on Defendants' noncompliance with the requirement in the case management and scheduling order that Defendants file a stipulation of agreed material facts in support of their motion for partial summary judgment. (*Id.*; *see* Dkt. 27 at 2–3.) In response, Defendants argue that "meeting to stipulate to facts" would have served "no purpose" because Plaintiff provided the relevant facts in her amended complaint and Defendants "stipulated to those facts . . . by accepting them as true for purposes of" their motion. (Dkt. 33 at 4; *see* Dkt. 30.)

The court cautions Defendants not to substitute their judgment for the court's own by unilaterally deciding that a requirement in an order is unnecessary. *See Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) ("When parties or lawyers substitute their own judgments for those [of] judges, we have not justice but chaos."). Defendants do not explain why they could not have sought relief from the stipulation requirement by filing a timely motion with the court. (*See* Dkt. 33.) Nonetheless, the court does not find that Defendants acted in bad faith. *See Purchasing Power*, 851 F.3d at 1223 ("[R]ecklessness alone does not constitute conduct tantamount to bad faith"); *Qantum Commc'ns Corp. v. Star Broad., Inc.*, 473 F.

Supp. 2d 1249, 1269 (S.D. Fla. 2007) ("[T]he inherent powers doctrine is most often invoked where a party commits perjury or destroys or doctors evidence.").  For that reason, and because "[m]otions to strike are generally disfavored and infrequently granted," *Johnson Bros.*, 2024 U.S. Dist. LEXIS 109505, at *2, the court denies Plaintiff's motion to strike.

### 2. Defendants' Motion for Partial Summary Judgment

Defendants contend that they are entitled to summary judgment on Plaintiff's FMLA claims because Plaintiff is not an employee under the FMLA and "cannot recover under equitable estoppel or any other theory for alleged FMLA violations as a non-employee." (Dkt. 30 at 2–5.)  For the reasons explained herein, Defendants do not carry their initial burden as movant with respect to their argument that Plaintiff is not an employee under the FMLA.  Accordingly, the court does not reach Defendants' argument concerning equitable estoppel.

The FMLA incorporates the definition of "employee" set forth in the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e).  *Id.* § 2611(3).  The FLSA generally defines an "employee" as "any individual employed by an employer," *id.* § 203(e)(1), but provides exceptions in the public-employment context, *id.* § 203(e)(2).  Under these exceptions, an "individual employed by a [s]tate, political subdivision of a [s]tate, or . . . interstate governmental agency" is not considered an employee if she "is not subject to the civil service laws of the [s]tate, political subdivision, or agency which employs [her]" and she meets one of five conditions, including that she "is selected by the holder of [a public elective office of that state, political subdivision, or agency] to

be a member of [the officeholder's] personal staff." *Id.* § 203(e)(2)(C).

Defendants point to the Supreme Court's explanation of the public-employment exceptions in *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003), that "[e]mployees in high-ranking or sensitive positions are simply ineligible for FMLA leave," *id.* at 739 ("[O]f particular importance to the [s]tates, the FMLA expressly excludes from coverage state elected officials, their staffs, and appointed policymakers."), to support the argument that Plaintiff is not an employee under the FMLA. (Dkt. 30 at 2–3.) However, the court disagrees with Defendants' reading of *Hibbs*. The *Hibbs* Court concluded that in adopting the FMLA's family-care provision, Congress had validly abrogated the states' Eleventh Amendment immunity from suit in federal court. In so concluding, the Court reasoned that the provision was "congruent and proportional to its remedial object," in part because of the "many . . . limitations that Congress placed on the [provision's] scope" including the public-employment exceptions. *See Hibbs*, 538 U.S. at 738–40. Defendants do not support their reading of *Hibbs* by citing legal authorities about that case. (*See* Dkts. 30, 33.) Further, Defendants acknowledge that more workers would be excluded from FMLA coverage under their reading of *Hibbs* than under the statute's plain text. (*See* Dkt. 30 at 3 ("[T]he Supreme Court's summary of FMLA-excluded workers [in *Hibbs*] seems broader than the statute's . . . .").) However, courts interpret the definition of "employee" in the FMLA with a view to inclusion, not exclusion, *see Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1308 (11th Cir. 2001) (noting the "broad interpretation courts have given to the term"), and "[w]here a case turns on the interpretation of a

statute, [courts] begin with the words of the statutory provision," *Tanner v. Stryker Corp.*, 104 F.4th 1278, 1285-86 (11th Cir. 2024) (quotation omitted).

Indeed, the remainder of Defendants' argument is based on the statutory text. (Dkt. 30 at 2–3.)  Defendants quote 29 U.S.C. § 203(e)(2)(C) in full and maintain that given undisputed facts in the amended complaint, Plaintiff is not an employee under the FMLA because a public-employment exception applies. (Dkt. 30 at 2–3.)  Namely, Defendants assert that 29 U.S.C. § 203(e)(2)(C)(ii)(II) applies because as the chief of staff for a state attorney, Plaintiff was selected by a public officeholder to be a member of the officeholder's personal staff.  (*Id.* at 3.)  This line of reasoning is unavailing because it disregards statutory language.  *See Corley v. United States*, 556 U.S. 303, 314 (2009) (regarding as "one of the most basic interpretive canons" the principle that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant" (quotation omitted)).  The statutory text provides that the personal-staff exception does not apply to an individual unless the individual "is not subject to the civil service laws" of the public employer. 29 U.S.C. § 203(e)(2)(C)(i).  However, aside from quoting 29 U.S.C. § 203(e)(2)(C), Defendants do not mention the "civil service laws," and they do not argue that Plaintiff "is not subject to" these laws.  (*See* Dkts. 30, 33.)  Also, Defendants draw all facts supporting their motion from the amended complaint, (*see* Dkt. 30), which does not assert allegations concerning civil service laws, (*see* Dkt. 9).

Defendants had to address the "subject to the civil service laws" issue.  *See Hanson v. Oregon*, No. 3:21-cv-780-SI, 2023 U.S. Dist. LEXIS 198, at *49–51 (D. Or.

Jan. 3, 2023) (quoting 29 U.S.C. § 203(e)(2)(C)(ii)(II) and *Hibbs*, explaining that "[t]o be exempt from the FMLA under this statutory framework, [a plaintiff] must (1) not be subject to [the public employer]'s civil service laws and (2) qualify as a 'personal staff member' of" a public officeholder, and analyzing "[t]he first prong of this test"); *Crenshaw v. City of Wetumpka*, No. 2:15-CV-413-WKW, 2017 U.S. Dist. LEXIS 163940, at *18–25 (M.D. Ala. Sept. 29, 2017) (examining whether the plaintiff was subject to the defendant's civil service laws); *cf. Saddler v. Quitman Cnty. Sch. Dist.*, 278 F. App'x 412, 417 (5th Cir. 2008) ("The parties do not contest . . . that [the plaintiff] was not subject to the civil service laws . . . ."); *Horen v. Cook*, 910 F. Supp. 2d 1025, 1029 (N.D. Ohio 2012) ("[The plaintiff] does not dispute she served as a government employee not subject to the civil service laws . . . ."). Because Defendants do not argue the issue in their motion for partial summary judgment, they do not meet their initial burden as movant. *See Celotex*, 477 U.S. at 323; *Hickson*, 357 F.3d at 1260. The court thus denies their motion.

### CONCLUSION

Accordingly:

1. Plaintiff's motion to strike (Dkt. 31) is **DENIED**.

2. Defendants' motion for partial summary judgment (Dkt. 30) is **DENIED**.

3. Defendants' motion for a stay (Dkt. 34) is **DENIED as moot**.

**ORDERED** in Orlando, Florida, on January 15, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record