UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEISHA MULFORT,**

    **Plaintiff,**

                                    Case No: 6:24-cv-1118-JSS-EJK

**v.**

**STATE OF FLORIDA - OFFICE
OF THE STATE ATTORNEY FOR
THE NINTH JUDICIAL CIRCUIT
and ANDREW A. BAIN,**

    **Defendants.**

## MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, STATE OF FLORIDA OFFICE OF THE STATE ATTORNEY FOR THE NINTH JUDICIAL CIRCUIT and ANDREW A. BAIN (collectively, "Defendants"), through undersigned counsel and pursuant to this Court's inherent authority to review, modify, or rescind its own orders, respectfully request that the Court reconsider its Order of January 15, 2025 (DE 31) to the extent it denied Defendants' motion for partial summary judgment as to Counts I through IV of KEISHA MULFORT's ("Plaintiff") Amended Complaint. DE 30.

Due to an administrative error and subsequent oversight by the undersigned, a footnote that was intended to be included in Defendants' motion for partial summary judgment was not included in the filed motion. The footnote referenced §110.205 of the Florida Statutes and asked the Court to take judicial notice of that section.

1

Although the entire text was not included in the footnote, reference to the relevant section was, along with its substance and a request that the Court take judicial notice of it. The section addresses exemptions from Florida's civil service laws (the Career Service System) and reads in pertinent part:

> (2) EXEMPT POSITIONS.—The exempt positions that are not covered by this part include the following:
> …
>
> (x) **All officers and employees of the** Justice Administrative Commission, **Office of the State Attorney**, Office of the Public Defender, regional offices of capital collateral counsel, offices of criminal conflict and civil regional counsel, and Statewide Guardian ad Litem Office, including the circuit guardian ad litem offices.

§110.205(2)(x), Fla. Stat. (emphases added). The undersigned acknowledges that this was his mistake and apologizes to the Court for neglecting to assure that the filed motion contained the footnote.[1]

In its Order, the Court states that "[t]he statutory text [of the FMLA public-employment exemptions] provides that the personal-staff exception does not apply to an individual unless the individual 'is not subject to the civil service laws' of the public employer" and "[b]ecause Defendants do not argue the issue in their motion for partial summary judgment, they do not meet their initial burden as movant." DE 35 at pp. 9-10. The error by the undersigned allowed the motion for partial summary judgment to appear as if Defendants had not addressed this issue.

---

[1] The undersigned also recognizes and apologizes to the Court for his presumption in making the determination that the circumstances of the motion did not require careful adherence to the Court's Case Management and Scheduling Order. While the undersigned avows that he did not act with disregard of the Court's Order, he does not attempt to excuse his error.

There is no impediment to the Court's exercise of its inherent power to pardon the inadvertence here and review its own order. In *Dietz v. Bouldin.*, the U.S. Supreme Court noted that "the Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin.*, 579 U.S. 40, 46 (2016) (citations omitted). District courts' inherent powers are governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 45 (citations omitted).

The undersigned has communicated with counsel for Plaintiff on numerous occasions to confer about facts in the Amended Complaint—which are also cited in Defendants' motion for partial summary judgment—to which Plaintiff will stipulate. Plaintiff's counsel stated on this date that he will respond either this week or next to provide possible dates for this purpose. Due to possible timing issues[2], however, Defendants file this motion for reconsideration at this time rather than after a meeting of counsel for the parties.

WHEREFORE, Defendants respectfully request that this Court take judicial notice of Florida Statute §110.205(2)(x) and recognize—as part of Defendants' argument in their Motion for Partial Summary Judgment—the nonapplicability of Florida's civil service laws to Plaintiff as an "officer or employee" of a state attorney's office, and consequently reconsider its ruling on Defendants' Motion for Partial

---

[2] E.g., should the Court deem this a motion for relief under Fed.R.Civ.P. 60(b)(1) subject to filing within a "reasonable time" after the Court entered its Order.

Summary Judgment.

          Respectfully submitted,

          **ASHLEY MOODY**
          ATTORNEY GENERAL

          /s/ Robert E. Gregg
          Robert E. Gregg (FBN 577431)
          Employment Law Manager
          Office of the Attorney General
          General Civil North
          The Capitol, PL-01
          Tallahassee, FL 32399-1050
          Office: (850) 414-3300
          Robert.Gregg@myfloridalegal.com

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant certifies that he conferred with counsel for Plaintiff on January 15 and 16, 2024 via email, and Plaintiff's counsel objects to the granting of the relief sought in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, and thereby was served upon Plaintiff's Counsel via email on January 16, 2025.

          s/Robert Gregg
          Special Counsel