UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEISHA MULFORT,**

    Plaintiff,

v.                                                                              Case No: 6:24-cv-1118-JSS-EJK

**STATE OF FLORIDA - OFFICE
OF THE STATE ATTORNEY FOR
THE NINTH JUDICIAL CIRCUIT
and ANDREW A. BAIN,**

    **Defendants.**

## DEFENDANTS' BRIEF REGARDING APPLICABILITY OF HORNADY V. OUTOKUMPU STAINLESS USA, LLC

Come now Defendants, by and through undersigned counsel, in response to this Court's instruction to brief the Court to address the applicability, if any, of *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367 (11th Cir. 2024) to Defendants' motion for reconsideration, and state as follows.

Defendants' motion for reconsideration sought review pursuant to the Court's inherent authority to review, modify, or rescind its own orders. Defendants asked the Court to reconsider by taking judicial notice of a fact—and thereby include in Defendants' analysis—that was inadvertently removed prior to the filing of Defendants' motion for reconsideration. That fact is merely the existence of an applicable Florida statute. Defendants did not ask the Court to consider any new

1

arguments, and Defendants did not rehash the motion to be reconsidered.

Plaintiff's response is one of form over substance, arguing that there are strict requirements for a motion for reconsideration. However, Plaintiff has used the incorrect standard for analysis, and even if Plaintiff's standard was correct, reconsideration would still be reasonable and at the discretion of the Court.

As explained by the court in *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367 (11th Cir. 2024), the correct standard for analysis of Defendant's motion for reconsideration is governed by Rule 54(b), Fed.R.Civ.P. "Inherent" in Rule 54(b) is the "plenary authority [of a district court] 'to reconsider, revise, alter or amend' a non-final order before the entry of final judgment." *Id*. at 1380, *quoting Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). The court's longstanding "inherent power was recognized—not changed—by Rule 54(b)." *Id*. As in *Hornady*, "Rules 59(e) and 60(b) only come into play after a final, appealable judgment is entered." *Id*. at 1379n(citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 06 & n.5 (11th Cir. 1993); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000).

While courts should hesitate before revisiting their earlier interlocutory orders due to principles of finality, stability, and predictability (*see*, *id*.), here, the reconsideration sought would not violate any of these principles. Defendants merely ask the Court to excuse the inadvertent omission of one fact and consider it as part

of their motion for partial summary judgment, and determine whether that additional fact should cause the Court to reach a different result. Defendants assert that the interests of judicial economy and the principle of avoiding unnecessary obstructions to addressing the actual facts (and law) should prevail here, and that *Hornady* supports this assertion. *See*, *Hornady* at 1381 ("But just because a movant fails to meet these higher standards [for Rules 59, 60] does not mean that reconsideration cannot be had—the district court may still have room to conclude that reconsideration is appropriate.") As well, "Rule 54(b) is relevant at earlier stages of a case." *Id*. at 1379.

The cases which Plaintiff cites in her opposition to reconsideration are based upon analysis under Fed.R.Civ.P. Rules 59 or 60. As in *Hornady*, those cases are simply inapposite. *Hornady* specifically rejected the application of analysis under Rules 50(e) and 60(b), Fed. R. Civ. P., for non-final orders such as the one at issue here. *See*, *Hornady* at 1379. For example, in the *Sussman* case cited by Plaintiff, the court specifically analyzed a reconsideration motion under Rules 59(e) and 60(b). *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. FL 1994). Further, the *Sussman* court, and Plaintiff, rely upon *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985), which was also based upon Rule 59(e). The factual distinctions are also notable. The *Am. Home Assur. Co.* case involved a defendant who raised a choice of law issue for first time after

3

summary judgment in a 59(e) motion. *Id*. That, indeed, was trying to obtain "two bites at the apple," by asserting a new issue of law, which cannot be said to be the situation—or anything like it—in the motion at bar.

Even applying Plaintiff's proposed 3-part test for reconsideration, it would be allowable, and prudent, for the Court to reconsider its Order which was based on the undersigned's inadvertent removal of the substance of a state statute that is essential to deciding this motion and issue on the merits. Caselaw holds that district courts have authority to control their docket and that reconsideration is subject to an abuse of discretion standard. *See, e.g.*, *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *Hornady*, 118 F.4th 1377.  None of Plaintiff's cited cases overturned a district court's reconsideration of its prior ruling.

Here, with no new issues presented, reconsideration would merely be to consider a reference to a statute that was accidentally deleted from Defendants' motion but which could change the result based upon the analysis already made by the Court. Plaintiff does not dispute the statute, or its applicability, in her response to the motion for reconsideration. Although Plaintiff asserts that reconsideration would give Defendants two bites at the apple, Plaintiff asks for a second opportunity to respond to the motion for partial summary judgment. Plaintiff failed to respond after that motion was filed; consequently, Middle District Local Rule 3.01(c) provides that Defendants' motion may be treated as unopposed. Nevertheless,

4

Defendants take no position on Plaintiff's ironic request.

WHEREFORE, Defendants respectfully request that this Court apply the *Hornady* decision to Defendants' motion to reconsider, and reconsider Defendants' motion for partial summary judgment.

Respectfully submitted,

**JOHN GUARD**
ACTING ATTORNEY GENERAL

/s/ Robert E. Gregg
Robert E. Gregg (FBN 577431)
Employment Law Manager

Glen A. Bassett (FBN 0615676)
Special Counsel

Office of the Attorney General
General Civil North
The Capitol, PL-01
Tallahassee, FL 32399-1050
Office: (850) 414-3300
Robert.Gregg@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, and thereby was served upon Plaintiff's Counsel via email on February 10, 2025.

s/Robert Gregg
Special Counsel