UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEISHA MULFORT,

    Plaintiff,

v.                                                   CASE NO.: 6:24-cv-1118-JSS-EJK

STATE OF FLORIDA –
OFFICE OF THE STATE
ATTORNEY FOR THE
NINTH JUDICIAL CIRCUIT,
and ANDREW A. BAIN,
in his official capacity
as State Attorney,

    Defendants.
_____/

## PLAINTIFF'S BRIEF ADDRESSING *HORNADY V. OUTOKUMPU STAINLESS USA, LLC*, 118 F. 4th 1367 (11th Cir. 2024)

    The Eleventh Circuit's decision in *Hornady v. Outokumpu Stainless USA, LLC*, 118 F. 4th 1367 (11th Cir. 2024) clarifies the standard of review that is applicable to motions for reconsideration of non-final orders under Fed. R. Civ. P. 54(b), which is at issue in Defendants' Motion for Reconsideration of Court's Order Denying Defendants' Motion for Partial Summary Judgment (Doc. 36).

### *Hornady* supports denial of Defendants' motion.

    *Hornady* reinforces Plaintiff's position that reconsideration is inappropriate under the circumstances here (an administrative error and subsequent oversight

by opposing counsel resulting in the failure to include a footnote in Defendants' motion for partial summary judgment (*See* Doc. 36)).

The facts in *Hornady* are lengthy but straightforward: After engaging in repeated discovery violations, the district court entered default judgment against Outokumpu as a sanction. *Hornady*, 118 F. 4th at 1377. The company sought reconsideration of the decision, but the district court denied the motion, and the Eleventh Circuit affirmed finding no abuse of discretion. *Id.* at 1379.

Acknowledging the lack of uniformity among district courts when ruling on motions to reconsider non-final orders, the Eleventh Circuit's opinion provides guidance on the parameters of a district court's broad discretion when evaluating these motions. To start, the plenary power given by Rule 54(b) and the core principles surrounding the law-of-the-case doctrine serve as the guidepost. *Id.* at 1379-80. If, however, a party meets the specific criteria from Rule 59(e) or 60(b), which apply to a final, appealable judgment, or any exceptions to the mandate rule, a district court is free to, "and should not hesitate to revisit its prior ruling." *Id.* at 1381. But the failure to satisfy these rules does not preclude a court from deciding that reconsideration is proper. *Id.* Even still, reconsideration of a non-final order remains rare and "in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Id.* at 1380.

"[A] district court typically would not abuse its discretion when rejecting a motion to reconsider an interlocutory order if the movant simply rehashed

2

arguments already considered and rejected." *Id.* at 1381. This was the obstacle in *Hornady*—Outokumpu was predominately rehashing arguments the district court had considered and rejected. *See* 118 F. 4th at 1381 ("The district court's rejection of Outokumpu's unashamed rehash was no abuse of discretion.").

Similarly, Defendants' Motion for Reconsideration falls on this spectrum. The Court considered Defendants' claim that Plaintiff is not an employee under the FMLA and ruled that Defendants had not met their burden. Now Defendants want to bolster their argument that the Court found lacking. The Eleventh Circuit and the Middle District of Florida have rejected related efforts to get a second bite at the apple (*see* cases cited in Plaintiff's Response in Opposition to Defendants' Motion for Reconsideration (Doc. 38)) and *Hornady* did not overrule the Court's ability to consider the rationale underlying those decisions—which apply with equal force here.

**Conclusion**

Even under the expansive power inherent in Rule 54(b), Defendants have not provided this Court with a compelling reason to extend its discretion to correct a party's errors—especially because it was the Court that apprised Defendants of the omission they now seek to correct.

Dated this 10th day of February 2025.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**STEVEN G. WENZEL**
Florida Bar No. 159055
**HANNAH E. HORR**
Florida Bar Number: 116011
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gdesane@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of February 2025, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic notice to all counsel of record.

**LUIS A. CABASSA**