UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEISHA MULFORT,

     Plaintiff,

v.                                                    Case No: 6:24-cv-1118-JSS-UAM

STATE OF FLORIDA - OFFICE OF
THE STATE ATTORNEY FOR THE
NINTH JUDICIAL CIRCUIT and
ANDREW A. BAIN,

     Defendants.

_____/

**<u>ORDER</u>**

     The parties have filed a joint stipulation stating that Plaintiff, Keisha Mulfort, dismisses with prejudice the claims she brings under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654, (Dkt. 45 at 1), which constitute Counts I through IV of the twelve-count amended complaint, (*see* Dkt. 9 at 7–12). Relatedly, the joint stipulation states: "The parties agree that there will be no further proceedings on FMLA claims or the filing of them." (Dkt. 45 at 1.) Counts III and IV are the only claims asserted against Defendant Andrew A. Bain in the amended complaint, (*see* Dkt. 9 at 7–25), but Plaintiff brings eight non-FMLA claims against Defendant State of Florida - Office of the State Attorney for the Ninth Judicial Circuit (the State Attorney's Office), (*id.* at 13–25).

     Although the joint stipulation does not invoke a procedural rule or cite any legal authority respecting the dismissal of the FMLA claims, (*see* Dkt. 45), Federal Rule of

Civil Procedure 41(a) governs the voluntary dismissal of an "action," Fed. R. Civ. P. 41(a)(1)(A), (2), and "in a multi-defendant lawsuit," such as this case, "an 'action' can refer to all the claims against one party," *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023).  Accordingly, Rule 41(a) allows for dismissal of Counts III and IV as all the claims against Bain but does not allow for dismissal of Counts I and II because Plaintiff brings other claims against the State Attorney's Office.  (*See* Dkt. 9.)  As to Counts III and IV, "[P]laintiff may dismiss [the] action [against Bain] . . . by filing . . . a stipulation of dismissal signed by all parties who have appeared."  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).  Rule 41(a)(1)(A)(ii) "requir[es] each and every party that has thus far appeared in [the] lawsuit"—including "a party that appeared but has already been removed from [the] action"—"to sign [the] stipulation of dismissal."  *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023).  Here, only Plaintiff and Defendants have appeared in this lawsuit, and all parties signed the stipulation through their legal counsel.  (Dkt. 45 at 1–2.)  Because the Rule 41(a)(1)(A)(ii) requirements for a stipulated dismissal of Counts III and IV with prejudice are met, those counts are dismissed with prejudice.

As to Counts I and II, the "easiest and most obvious" way to dismiss fewer than all claims in an action "is to seek and obtain leave to amend the complaint to eliminate" the claims under Federal Rule of Civil Procedure 15.  *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018).  Rule 15 allows a plaintiff to amend a complaint before trial "with the opposing party's written consent or the court's leave" and provides that the "court should freely give leave when justice so requires."  Fed.

R. Civ. P. 15(a)(2).  Plaintiff has the written consent of the State Attorney's Office to amend her amended complaint to drop Counts I and II, (*see* Dkt. 45), and in any event, the court freely gives her leave to amend.  Therefore, Counts I and II are dismissed with prejudice.  *See Breeding v. Integrated Behavioral Health Inc.*, No. 22-10374-GG, 2022 U.S. App. LEXIS 15731, at *3–4 (11th Cir. June 7, 2022) (determining that counts "were properly eliminated from the proceedings with prejudice under Rule 15").

In addressing the dismissal of the FMLA claims, the joint stipulation states that Defendants withdraw their motion for partial summary judgment on those claims (Dkt. 30).  (Dkt. 45 at 1.)  Although the court denied the motion for partial summary judgment on January 15, 2025, (Dkt. 35 at 7–10), the next day Defendants filed a motion for reconsideration of that denial (Dkt. 36), which remains pending.  Given Defendants' withdrawal of the motion for partial summary judgment, the court denies the motion for reconsideration as moot.

Accordingly:

1. Counts I through IV (Dkt. 9 at 7–12) are **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to terminate Bain as a party to this case.

3. Defendants' motion for reconsideration (Dkt. 36) is **DENIED as moot**.

**ORDERED** in Orlando, Florida, on March 11, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record